UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RUSSELL JANN, ) <br> ) <br> Defendant. ) | Case No. 17-10079 <br><br> **WESTERN DISTRICT OF TN** <br> **FILED IN OPEN COURT:** <br> DATE: 11-16-17 <br> TIME: 2:11 pm <br> INITIALS: eu |

PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following constitutes the Plea Agreement reached between the United States, represented by D. MICHAEL DUNAVANT, United States Attorney for the Western District of Tennessee, and KASEY A. WEILAND, Assistant United States Attorney, and the defendant, RUSSELL JANN, represented by CHRISTINA WIMBLEY, defense counsel.

1. RUSSELL JANN agrees:

    a. to enter a voluntary plea of guilty to Counts 1-3 of the Information, which charges him with possession and receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(a)(2);

    b. to knowingly and voluntarily waive his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence of imprisonment is within or below the advisory guideline range, whatever that range may be;

1

c. to waive any objections based on Federal Rule of Evidence 410 regarding the use of any statements made by him in the course of the plea colloquy in any criminal prosecution;

d. to waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, his right to challenge the voluntariness of his guilty plea either on direct appeal, or in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

e. to pay restitution as ordered by the Court and as mandated by 18 U.S.C. § 2259 and/or 18 U.S.C. § 3663A, with the understanding that the Court may consider all relevant conduct for purposes of identifying the victims who are entitled to restitution under 18 U.S.C. § 2259(c) and determining the full amount of the losses to which those victims are entitled under 18 U.S.C. § 2259(b)(3);

f. to pay to the United States District Court Clerk the mandatory $100 special assessment per count of conviction to be imposed pursuant to 18 U.S.C. § 3013 upon imposition of the sentence;

g. to consent to forfeiture of the items listed in the Notice of Intent to Seek Forfeiture and to consent to the destruction of each item named therein;

h. during any period of supervised release, and pursuant to 18 U.S.C. § 3563(b)(23) and 18 U.S.C. § 3583(d), to submit his person, property, house, residence, vehicles, papers, computer, other electronic communications or data storage devices to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of his supervised release or any unlawful conduct during the period of supervision, and by any probation officer in the lawful discharge of the officer's supervision functions;

    i. to comply with the registration requirements of the Sex Offender Registration and Notification Act (SORNA);

    j. that he is satisfied with his attorney's representation;

    k. that he is pleading guilty freely and voluntarily, after having consulted with counsel, and because he is guilty.

2. The United States agrees:

    a. to recommend that MR. JANN receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

    b. to recommend a sentence of imprisonment within the advisory guideline range.

3. RUSSELL JANN understands and acknowledges:

    a. that the statutory maximum penalties for the offenses alleged in the Information are a term of imprisonment of 20 years, a fine of $250,000, and lifetime supervision;

    b. that Count 3 of the Information carries a mandatory minimum of five years' imprisonment;

    c. that any term of incarceration will be followed by a term of supervised release of not less than 5 years;

    d. that the United States will be required to provide the Court with a factual basis for the offenses to which he is pleading guilty and will be free to therein fully describe the nature of these offenses and the evidence in the case. MR. JANN further acknowledges that he has read the United States' Basis in Fact, appended hereto, and does hereby stipulate that the facts set forth therein are true and correct in all material respects;

    e. that the United States will recommend to the Court that special conditions of supervised release be imposed, including, but not limited to, restrictions on contact with minors and use of the internet;

    f. that he will be required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA) and the laws of the State of Tennessee;

    g. that, except with respect to the agreement of the United States to recommend a sentence of imprisonment within the advisory guidelines range, he has not been promised a specific sentence;

    h. that any estimate of the probable sentence that he may have received from counsel, the United States, or any other person/s is a prediction, not a promise, and is not binding on the Court. If the Court imposes a sentence greater than he expects, he will not be entitled to withdraw his guilty plea, but he will have preserved his right to appeal his sentence if the Court imposes a sentence in excess of the advisory guideline range;

    i. that if the United States receives information between the signing of this agreement and the time of sentencing that the defendant has previously engaged, or engages in the future, in conduct inconsistent with the acceptance of responsibility, the United States' position on acceptance of responsibility credit could change. Whether or not acceptance of responsibility credit is granted is a matter to be determined by the Court, and failure of the Court to grant such credit shall not be a basis for the defendant to withdraw his guilty plea;

    j. that if his plea of guilty is accepted and he later attempts to withdraw his plea, such attempt will be in breach of this plea agreement. Regardless of whether any such attempt is successful, the United States will be relieved of all obligations and restrictions imposed by the terms of this agreement.

4. This Plea Agreement constitutes the entire agreement between the parties.

FOR THE UNITED STATES:
D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY

BY: _____      11/16/17
     KASEY WEILAND                     Date
     Assistant United States Attorney

_____     11/16/17
CHRISTINA WIMBLEY            Date
Attorney for Defendant

_____     11-16-17
RUSSELL JANN                  Date
Defendant

USA v. Russell Jann
Basis in Fact

In February 2017, law enforcement officers in Henry County, TN, received a lead out of Belvidere Illinois regarding Russell Jann of Cottage Grove, TN, which is in the WDTN. Based on that lead and the ensuing investigation, agents learned that Russell Jann had been engaging in sexually explicit online chats and conversations via text messages with at least four minor victims ranging in age from 15 to 17 years old. Jann exchanged messages with the victims containing pictures of his genitalia and videos of himself masturbating and received similar sexually explicit images and/or videos of at least 3 of the 4 minor victims. The chats revealed that Jann had met one minor victim, 16-year-old B.W., in person in Michigan and performed oral sex on her.

On February 3, 2017, a search of the Synchronoss cloud storage account associated with Jann's phone number revealed numerous image and video files of 16-year-old victim M.M. engaged in sexually explicit conduct, including the lascivious exhibition of the pubic area and masturbation. The images were sent via MMS message from the victim to Jann, and were backed up from Jann's telephone to his cloud storage account via the internet.

On September 5, 2017, agents executed a search warrant at Jann's home. Jann voluntarily spoke with agents and acknowledged having pictures on his cell phone of teenaged girls he had contacted over the internet, through Facebook and other messaging applications. He confirmed meeting victim B.W. in person in Michigan and engaging in oral sex with her when she was 16 years old. He also advised that he was still in contact with one victim, 16-year-old C.H., a high school student residing in Alabama.

Jann advised agents that he had a laptop computer and an external hard drive in his home that contained sexually explicit pictures and videos of children as young as babies. He downloaded these images from websites on the Darknet and explained to agents where the files were hidden on the devices.

A forensic exam of Jann's laptop revealed over 100 image and video files constituting child pornography on the device. The dates from the download directory showed that the files were downloaded on September 5, 2017, the same date that agents executed the search at his home. One of the video files located on the laptop is a compilation of girls appearing to be in the age range of toddlers to 12 years of age. It depicts the girls being subjected to acts of oral sex, vaginal sex, anal sex, and digital penetration by adult males and other females. The girls are also engaged in the lascivious exhibition of the pubic area. The video is approximately 0:06:44 minutes in length.

A forensic review of the external hard drive revealed over 2,600 video files and 88,000 image files constituting child pornography, including depictions of prepubescent minors under twelve years of age. One such video file depicts a post pubescent male engaging in sexual intercourse with a child appearing to be a toddler. The child can be heard crying while she is being penetrated. The male then turns the child over on her stomach and attempts to penetrate her anally. The video file is approximately 0:01:51 minutes in length.