IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                              Cr. No.  17-10079-JDB

RUSSELL JANN,

        Defendant.

### DEFENDANT'S POSITION WITH REGARD TO SENTENCING FACTORS

COMES NOW, Russell Jann, by and through his appointed counsel, Christina M. Wimbley, pursuant to Federal Rule of Criminal Procedure 32, Local Criminal Rule 32.1, and USSG § 6A1.2(b), and submits the following position with respect to sentencing in this case.

**I.**     **Defense Counsel Certification**

Counsel and Mr. Jann have reviewed the Presentence Investigation Report ("PSR"). Counsel has communicated the following position to the probation officer and Assistant United States Attorney in the form of a copy of this document.

**II.**     **The Sentencing Hearing**

It is estimated that the sentencing hearing will take one hour.

**III.**     **Sentencing Factors in Dispute**

    **A.**     **Factual Objections**

There are no objections to the facts at this time.

    **B.**     **Legal Objections**

Mr. Jann has no legal objections, but respectfully requests the Court to sentence him at the low end of the recommended Guidelines sentencing range. Because the low end of the Guidelines range is 97 months it serves as a substantial sentence for a first-time offender with no criminal history.

In support of his request for a low end sentence, Mr. Jann notes that the child pornography guidelines contain a series of enhancements that are applied in almost every case, without distinction to the type of offender being sentenced. See, e.g., United States v. Maguire, 436 F. App'x 74, 78 (3d Cir. 2011); United States v. Tutty, 612 F.3d 128, 132 (2d Cir. 2010). For instance, the computer enhancement (USSG § 2G2.2(b)(6)), and number of images enhancement (USSG § 2G2.2(b)(7)(D)), were applied in this case, raising Mr. Jann's total offense level by seven levels. (See PSR, Docket Entry ("DE") 29, Page ID # 65.) Both the U.S. Sentencing Commission and the Department of Justice have stated that these enhancements are flawed because they "can at times . . . over-represent the seriousness of an offender's conduct." See Letter from Anne Gannon, Nat'l Coordinator for Child Exploitation Prevention and Interdiction, Department of Justice, to Hon. Patti B. Saris, Chair, U.S. Sentencing Comm'n 1, 4 (Mar. 5, 2013) (available at http://sentencing.typepad.com/files/doj-letter-to-ussc-on-cp-report.pdf); see also U.S. Sentencing Comm'n, Federal Child Pornography Offenses 322-24 (2012) (noting that these enhancements "result[] in guideline ranges that are overly severe for some offenders"). This shared conclusion by the Sentencing Commission, which possesses expertise in the area, and the Executive, which is democratically accountable, gives the Court a reasoned basis to determine that the enhancements are too harsh in this case and justify a low end sentence.

Mr. Jann also maintains that the recommended Guideline sentence is harsh. Mr. Jann does not intend to minimize the seriousness of his crime. But, a low end sentence would result in a

significant sentence. Therefore, Congress' retributive goals would be met. See <u>United States v. Bistline</u>, 665 F.3d 758, 763-64 (6th Cir. 2012) (explaining that Congress's long and repeated involvement in raising the offense levels for § 2G2.2 makes clear that the grounds of its action are not only empirical, but retributive, included not only deterrence, but punishment). For instance, a low end sentence of 97 months, or 8 years and 1 month, imprisonment is a very severe punishment for a man with no prior criminal history.

**IV.      Position as to Sentencing**

Mr. Jann respectfully requests that the Court sentence him to the low end of the Guidelines recommended sentencing range. In further support of the requested sentence Mr. Jann presents the following for this Court's consideration in its analysis of the sentencing factors listed under 18 U.S.C. § 3553(a).

**A.      18 U.S.C. § 3553(a) Factors.**

    **(1)      Nature and Circumstances of Offense and the History and Characteristics of the Defendant.**

        **(a)      Nature and Circumstances of the Offense.**

Like all child pornography offenses, the offense in this case is very serious. What goes unsaid is that sex offenders are reviled, perceived to be the "scourge of modern America, and "irredeemable monsters that prey on the innocent." Wayne A. Logan, <u>Liberty Interests in the Preventive State: Procedural Due Process and Sex Offender Notification Laws</u>, 89 J. Crim. L. & Criminology 1167, 1167 (Summer 1999). When viewed objectively, however, the nature and circumstances of Mr. Jann's offense will be addressed by what will still be a substantial sentence even if the Court sentences him to 97 months. Rather than paint Mr. Jann with a single broad brush, the Court is respectfully urged to exercise its discretion to "consider all of the § 3553(a)

3

factors," and "make an individualized assessment based on the facts presented," Gall v. United States, 552 U.S. 38, 49-50 (2007).

### (b)   History and Characteristics of the Defendant.

#### (i)   Family Circumstances/Childhood:

Mr. Jann's childhood was not idyllic. While his mother and father lived together until he was three years old, his parents divorced and Mr. Jann only recalls seeing his father approximately six times in his life . (PSR, DE 29, Page ID # 67.) Though Mr. Jann's mother remarried, the relationship with his first step-father, Dan Christianson, was volatile because of his step-father's anger issues. Id. After the family moved to Texas, Mr. Jann recalled that Christianson often beat him and his siblings when Christianson was drunk. Id. Christianson also physically abused Mr. Jann's mother. Ultimately, in order to get away from Christianson, Mr. Jann's mother and his siblings left Texas by bus in the middle of the night and returned to Michigan, where they lived with the defendant's aunt and uncle. (PSR, DE 29, Page ID # 68.)

Even after his family moved back to Michigan, Mr. Jann was not adequately nurtured and protected as a small child. He was sexually molested by a much older female cousin when was only seven years old. At the age of eight, that same cousin began having sexual intercourse with him. Id.

Mr. Jann has been married twice and has four children. Id. He maintains a close relationship with his mother and his oldest son Kyle Jann. Mr. Jann's three younger children were adopted by his ex-wife's new husband in 2012. Id.

4

### (ii) Mental Health/Emotional Health/Substance Abuse:

Mr. Jann has a history of mental illness. (PSR, DE 29, Page ID # 69.) He was admitted to the University of Michigan Health System, Psychiatry Department, in Ann Arbor, Michigan after he threatened to commit suicide in December 2006. Id. He was subsequently treated for depression and prescribed medication. Mr. Jann continues to struggle with depression and suicidal ideations and recognizes the need for continued mental health treatment. Id.

Mr. Jann reported a history of alcohol, marijuana, and lysergic acid diethylamide (LSD) use. (PSR, DE 29, Page ID # 70.) He first consumed alcohol at the age of 9 and marijuana at the age of 11. He used LSD once at the age of 15. Id.

### (c) Other pertinent 18 U.S.C. §3553(a) factors.

#### (i) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense

Mr. Jann submits that a sentence at the low end of the recommended Guidelines sentencing range would still reflect the seriousness of his offense, promote respect for the law, and provide just punishment. Mr. Jann respectfully requests the Court to balance his own childhood experiences as a victim of sexual abuse as a significant mitigating factor in this case. See United States v. Janosko, 355 F. App'x 892, 894 (6th Cir. 2009) (treating defendant's sexual abuse as a child as a mitigating factor when sentencing child pornography offender); United States v. Prisel, 316 F. App'x 377, 382 (6th Cir. 2008) (same). Mr. Jann's lack of criminal history also weighs in favor of a lesser sentence of incarceration.

#### (ii) afford adequate deterrence to criminal conduct

It is simply assumed that members of the general public do not commit crimes because they are worried about getting caught and being sent to prison. But there is little social science evidence that allows an exact understanding of deterrence. Social science literature suggests that

5

making punishment more swift and certain (i.e., catching more people committing the crimes and punishing them quickly and consistently), is more likely to decrease crime than making the punishment associated with a particular crime higher.  See, e.g., Anthony N. Doob & Cheryl Marie Webster, Sentence Severity and Crime: Accepting the Null Hypothesis, 30 Crime & Just. 143 (2003).  Further, though there is a widely shared intuition that penalty increases have marginal deterrent effects, the available evidence is highly ambiguous and contested, and there is no credible evidence demonstrating the clear effects of marginal deterrence generally, much less for child pornography possession.  See Michael Tonry, Learning from the Limitations of Deterrence Research, 37 Crime & Just. 279-280 (2008).

Additionally, there is no information regarding the efficacy of current Guideline sentences when it comes to deterring people from possessing or receiving child pornography.  It is simply assumed that any decrease in punishment is likely to result in more future crime.  It is impossible to say, for instance, that a 97-month sentence would be much less effective than a 121-month sentence at deterring others from the type of offense to which Mr. Jann has pled guilty.

### (iii)     protect the public from further crimes of the defendant

The requested sentence would adequately protect the public from any further crimes in this instance.  As recognized by the Honorable James L. Graham of the Eastern District of Ohio, "a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend."  United States v. Pelloski, 31 F. Supp. 3d 952, 962 (E.D. Ohio 2014).  Mr. Jann has no criminal history and, therefore, no history of recidivism from which the public needs protection.  Thus, the sentence Mr. Jann faces, even at the low end, would more than adequately protect the public in his case.

>   **(iv)** provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

Mr. Jann graduated from high school and later attended community college. (PSR, DE 29, Page ID # 70.) He obtained his licensed practical nurse certificate and has worked at a nursing and rehabilitation facility. Id. at Page ID # 70-71.) Thus it is unlikely that Mr. Jann would benefit from remedial educational services while he is incarcerated.

With regard to his physical health, Mr. Jann suffers from pain in his right and left shoulders due to fractures he sustained in the early 2000s and 2004 respectively. (PSR, DE 29, Page ID # 72.) He also had an inguinal hernia repaired in 2004. Id. He begin experiencing severe migraine headaches in 2007 and was later diagnosed with hypertension in 2009. He is currently prescribed Lisinopril for this condition. Id. Mr. Jann will need to be monitored and treated for his various medical conditions throughout his period of incarceration.

### (d) The kinds of sentences available.

The sentences available are set forth in the PSR. (PSR, DE 29, Page ID # 72.)

### (e) The sentencing guideline range.

The Guidelines imprisonment range is 97 to 121 months. Id.

### (f) Fines.

Mr. Jann agreed in his Plea Agreement that he may be required to pay restitution. (Plea Agreement, DE 26, Page ID # 46.) Mr. Jann is indigent or he would not have qualified for the appointment of undersigned counsel. Further, the PSR provides that given his financial condition, Mr. Jann would not be able to pay a fine. (PSR, DE 29, Page ID 72.) Mr. Jann respectfully requests that the Court refrain from imposing any fine, including any costs of prosecution that may be required by statute. Id. at Page ID # 73-74.

### (2)  The Need to Avoid Unwarranted Disparities

Section 3553(a) tells sentencing judges that they must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The Supreme Court has eloquently explained the courts' historical authority to fashion sentences based upon the individual characteristics of the offender before them:

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. Underlying this tradition is the principle that the punishment should fit the offender and not merely the crime.

Pepper, 131 S. Ct. at 1239-40. In Mr. Jann's case, he timely entered a guilty plea and he has accepted responsibility. (PSR, DE 29, Page ID # 64.) He has provided the Court mitigating factors to balance against a conviction that brings extremely harsh sentences, particularly in the Sixth Circuit. He has explained the abuse he witnessed and suffered as a child. Moreover, he has no criminal history prior to this conviction. Mr. Jann is not requesting a ridiculously low sentence, but instead a sentence at the low end of his Guidelines range. The sentence would still result in a significant amount of prison time. Mr. Jann submits that the requested sentence, along with any other special conditions of supervised release this Court wishes to impose, would not create an unwarranted sentencing disparity. Instead, the punishment would fit this offender, not merely his crime.

### B.  Requests for Recommendations.

Mr. Jann requests a referral to a facility as close to the Eastern District of Michigan, as possible, so that he can maintain contact with his family through visitation.

## V. Conclusion

For the foregoing reasons and for reasons that will be more fully developed at the sentencing hearing, Mr. Jann respectfully requests a sentence at the low-end of the Guidelines range of 97 months.

Respectfully submitted,

DORIS RANDLE-HOLT
FEDERAL DEFENDER

s/ Christina M. Wimbley
Assistant Federal Public Defender
109 S. Highland Ave., Suite 105
Jackson, TN 38305
(731) 427-2556

### CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Position Paper was forwarded via the Court's electronic filing system to Debra Lynn Ireland and Kasey Weiland, Assistant U.S. Attorneys, 167 North Main Street, Suite 800, Memphis, Tennessee 38103, and a courtesy copy was e-mailed to Leigh Ann Davidson, U.S. Probation Officer.

This, the 30th day of January, 2018.

s/ Christina M. Wimbley
Assistant Federal Defender
