115th CONGRESS, 2nd Session

United States Library of Congress

S 2152

Referred in House

January 25, 2018

S. 2152

IN THE HOUSE OF REPRESENTATIVES

January 25, 2018

Referred to the Committee on the Judiciary

AN ACT

To amend title 18, United States Code, to provide for assistance for victims of child pornography, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,

SECTION 1. SHORT TITLE.

This Act may be cited as the 'Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2017'.

SEC. 2. FINDINGS.

Congress finds the following:

(1) The demand for child pornography harms children because it drives production, which involves severe and often irreparable child sexual abuse and exploitation.

(2) The harms caused by child pornography begin, but do not end, with child sex abuse because child pornography is a permanent record of that abuse and trafficking in those images compounds the harm to the child.

(3) In Paroline v. United States (2014), the Supreme Court recognized that 'every viewing of child pornography is a repetition of the victim's abuse'.

(4) The American Professional Society on the Abuse of Children has stated that for victims of child pornography, 'the sexual abuse of the child, the memorialization of that abuse which becomes child pornography, and its subsequent distribution and viewing become psychologically intertwined and each compound the harm suffered by the child-victim'.

(5) Victims suffer continuing and grievous harm as a result of knowing that a large, indeterminate number of individuals have viewed and will in the future view images of their childhood sexual abuse. Harms of this sort are a major reason that child pornography is outlawed.

(6) The unlawful collective conduct of every individual who reproduces, distributes, or possesses the images of a victim's childhood sexual abuse plays a part in sustaining and aggravating the harms to that individual victim. Multiple actors independently commit intentional crimes that combine to produce an indivisible injury to a victim.

(7) It is the intent of Congress that victims of child pornography be fully compensated for all the harms resulting from every perpetrator who contributes to their anguish. Such an aggregate causation standard reflects the nature of child pornography and the unique ways that it actually harms victims.

## SEC. 3. DETERMINING RESTITUTION.

(a) Determining Restitution. Section 2259(b) of title 18, United States Code, is amended-

(1) in paragraph (1)-

(A) by striking 'The order' and inserting 'Except as provided in paragraph (2), the order'; and

(B) by striking 'as determined by the court pursuant to paragraph (2)' after 'of the victim's losses';

(2) by striking paragraph (3);

(3) by redesignating paragraph (2) as paragraph (3); and

(4) by inserting after paragraph (1) the following:

'(2) Restitution for trafficking in child pornography. If the defendant was convicted for trafficking in child pornography, the order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) an amount of restitution determined by the court as follows:

'(A) Determining the full amount of a victim's losses. The court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography.

'(B) Determining a restitution amount. After completing the determination required under subparagraph (A), the court shall enter an order of restitution against the defendant in favor of the victim in an amount which is between $3,000 and 1 percent of the full amount of the victim's losses.

'(C) Termination of payment. A victim's total aggregate recovery pursuant to this section shall not exceed the full amount of the victim's demonstrated losses. After the victim has received restitution in the full amount of the victim's losses as measured by the greatest amount of such losses found in any case involving that victim that has resulted in a final restitution order under this section, the liability of each defendant who is or has been ordered to pay restitution for such losses to that victim shall be terminated. The court may direct the victim to provide information concerning the amount of restitution the victim has been paid in other cases for the same losses.'.

(b) Additional Definitions. Section 2259(c) of title 18, United States Code, is amended-

(1) in the heading, by striking 'Definition' and inserting 'Definitions';

(2) by striking 'For purposes' and inserting the following:

'(4) Victim. For purposes';

(3) by striking 'under this chapter, including, in the case' and inserting 'under this chapter. In the case';

(4) by inserting after 'or any other person appointed as suitable by the court,' the following: 'may assume the crime victim's rights under this section,'; and

(5) by inserting before paragraph (4), as so designated, the following:

'(1) Child pornography production. For purposes of this section and section 2259A, the term 'child pornography production' means conduct proscribed by subsections (a) through (c) of section 2251, section 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this section), section 2260(a), or any offense under chapter 109A or chapter 117 that involved the production of child pornography, as defined in section 2256.

'(2) Full amount of the victim's losses. For purposes of this section, the term 'full amount of the victim's losses' includes any costs incurred, or reasonably projected to be incurred in the future, by the victim, and in the case of a trafficking in child pornography conviction, as a proximate result of all trafficking in child pornography offenses involving the same victim, including-

'(A) medical services relating to physical, psychiatric, or psychological care;

'(B) physical and occupational therapy or rehabilitation;

'(C) necessary transportation, temporary housing, and child care expenses;

'(D) lost income;

'(E) attorneys' fees, as well as other costs incurred; and

'(F) any other relevant losses incurred by the victim.

'(3) Trafficking in child pornography. For purposes of this section and section 2259A, the term 'trafficking in child pornography' means conduct proscribed by section 2251(d), 2251A, 2252, 2252A, section 2252A(g) (in cases in which the series of felony violations exclusively involves violations listed in this section), or section 2260(b).'.

(c) Clerical Amendment. Section 1593(b)(3) of title 18, United States Code, is amended by striking 'section 2259(b)(3)' and inserting 'section 2259(c)(2)'.

## SEC. 4. DEFINED MONETARY ASSISTANCE.

Section 2259 of title 18, United States Code, is amended by adding at the end the following:

'(d) Defined Monetary Assistance.-

'(1) Defined monetary assistance made available at victim's election.-

'(A) Election to receive defined monetary assistance. Subject to paragraphs (2) and (3), if the defendant was convicted of child pornography production, the victim of child pornography production may choose to receive defined monetary assistance from the Child Pornography Victims' Reserve established under section 1402(d)(6) of the Victims of Crime Act of 1984.

'(B) Finding. To be eligible for defined monetary assistance under this subsection, a court shall determine whether the claimant is a victim of the defendant who was convicted of child pornography production.

'(C) Order. If a court determines that a claimant is a victim of child pornography production under subparagraph (B) and the claimant chooses to receive defined monetary assistance, the court shall order payment in accordance with subparagraph (D) to the victim from the Child Pornography Victims' Reserve established under section 1402(d)(6) of the Victims of Crime Act of 1984.

'(D) Amount of defined monetary assistance. The amount of defined monetary assistance payable under this subparagraph shall be equal to-

'(i) for the first calendar year after the date of enactment of this subsection, $35,000; and

'(ii) for each calendar year after the year described in clause (i), $35,000 multiplied by the ratio (not less than one) of-

'(I) the Consumer Price Index for all Urban Consumer (CPI-U, as published by the Bureau of Labor Statistics of the Department of Labor) for the calendar year preceding such calendar year; to

'(II) the CPI-U for the calendar year 2 years before the calendar year described in clause (i).

'(2) Limitations on defined monetary assistance.-

'(A) In general. A victim may only obtain defined monetary assistance under this subsection once.

'(B) Effect on recovery of other restitution. A victim who obtains defined monetary assistance under this subsection shall not be barred or limited from receiving restitution against any defendant for any offenses not covered by this section.

'(C) Deduction. If a victim who received defined monetary assistance under this subsection subsequently seeks restitution under this section, the court shall deduct the amount the victim received in defined monetary assistance when determining the full amount of the victim's losses.

'(3) Limitations on eligibility. A victim who has collected payment of restitution pursuant to this section in an amount greater than the amount provided for under paragraph (1)(D) shall be ineligible to receive defined monetary assistance under this subsection.

'(4) Guardian ad litem.-

'(A) In general. In all cases alleging child pornography production, the court shall appoint a guardian ad litem, who shall be an attorney, for each identified victim of the child pornography production, pursuant to section 3509(h).

'(B) Fees. A guardian ad litem appointed pursuant to this subsection may not charge, receive, or collect, without court approval for good cause shown, any fees or payment of expenses that in the aggregate exceed 10 percent of any defined monetary assistance payment made under this subsection.

'(C) Penalty. Any guardian ad litem who violates subparagraph (B) shall be fined under this title, imprisoned for not more than one year, or both.'.

### SEC. 5. ASSESSMENTS IN CHILD PORNOGRAPHY CASES.

(a) Assessments in Child Pornography Cases. Chapter 110 of title 18, United States Code, is amended by inserting after section 2259 the following:

'Sec. 2259A. Assessments in child pornography cases

'(a) In General. In addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess-

'(1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5);

'(2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and

'(3) not more than $50,000 on any person convicted of a child pornography production offense.

'(b) Annual Adjustment. The dollar amounts in subsection (a) shall be adjusted annually in conformity with the Consumer Price Index.

'(c) Factors Considered. In determining the amount of the assessment under subsection (a), the court shall consider the factors set forth in sections 3553(a) and 3572.

'(d) Imposition and Implementation.-

'(1) In general. The provisions of subchapter C of chapter 227 (other than section 3571) and subchapter B of chapter 229 (relating to fines) apply to assessments under this section, except that paragraph (2) applies in lieu of any contrary provisions of law relating to fines or disbursement of money received from a defendant.

'(2) Effect on other penalties. Imposition of an assessment under this section does not relieve a defendant of, or entitle a defendant to reduce the amount of any other penalty by the amount of the assessment. Any money received from a defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:

'(A) A special assessment under section 3013.

'(B) Restitution to victims of any child pornography production offense that the defendant committed.

'(C) An assessment under this section and restitution to victims of any trafficking in child pornography offenses.

'(D) Other orders under any other section of this title.

'(E) All other fines, penalties, costs, and other payments required under the sentence.'.

(b) Child Pornography Victims Reserve. Section 1402(d) the Victims of Crime Act of 1984 (34 U.S.C. 20101(d)) is amended by adding at the end the following:

'(6)(A) The Director may set aside up to $10,000,000 of the amounts remaining in the Fund in any fiscal year after distributing the amounts under paragraphs (2), (3), and (4), in a Child Pornography Victims Reserve, which may be used by the Attorney General for payments under section 2259(d) of title 18, United States Code.

'(B) Amounts in the reserve may be carried over from fiscal year to fiscal year, but the total amount of the reserve shall not exceed $10,000,000. Notwithstanding subsection (c) and any limitation on Fund obligations in any future Act, unless the same should expressly refer to this section, any such amounts carried over shall not be subject to any limitation on obligations from amounts deposited to or available in the Fund.'.

(c) Child Pornography Victims Reserve. Chapter 110 of title 18, United States Code, is amended by inserting after section 2259A, as added by subsection (a), the following:

'Sec. 2259B. Child pornography victims reserve

'(a) Deposits Into the Reserve. Notwithstanding any other provision of law, there shall be deposited into the Child Pornography Victims Reserve established under section 1402(d)(6) of the Victims of Crime Act of 1984 all assessments collected under section 2259A and any gifts, bequests, or donations to the Child Pornography Victims Reserve from private entities or individuals.

'(b) Availability for Defined Monetary Assistance. Amounts in the Child Pornography Victims Reserve shall be available for payment of defined monetary assistance pursuant to section 2259(d). If at any time the Child Pornography Victims Reserve has insufficient funds to make all of the payments ordered under section 2259(d), the Child Pornography Victims Reserve shall make such payments as it can satisfy in full from available funds. In determining the order in which such payments shall be made, the Child Pornography Victims Reserve shall make payments based on the date they were ordered, with the earliest-ordered payments made first.

'(c) Administration. The Attorney General shall administer the Child Pornography Victims Reserve and shall issue guidelines and regulations to implement this section.

'(d) Sense of Congress. It is the sense of Congress that individuals who violate this chapter before this legislation is enacted, but who are sentenced after this legislation is enacted, shall be subject to the statutory scheme that was in effect at the time the offenses were committed.'.

(d) Clerical Amendment. The table of sections for chapter 110 of title 18, United States Code, is amended by inserting after the item relating to section 2259 the following:

'2259A. Assessments in child pornography cases.

'2259B. Child pornography victims reserve.'.

### SEC. 6. CHILD PORNOGRAPHY VICTIM'S RIGHT TO EVIDENCE.

Section 3509(m) of title 18, United States Code, is amended by adding at the end the following:

'(3)(A) In any criminal proceeding, a victim of trafficking in child pornography or child pornography production, as those terms are defined in section 2259(c), shall have access to any property or material that constitutes child pornography, as defined by section 2256, depicting the victim, for inspection, viewing, and examination at a Government facility, by the victim, his or her attorney, and any individual the victim may seek to qualify to furnish expert testimony.

'(B) A victim of trafficking in child pornography or child pornography production, as those terms are defined in section 2259(c), his or her attorney, and any individual the victim may seek to qualify to furnish expert testimony may not copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography, as defined

by section 2256 of this title, so long as the Government makes the property or material reasonably available to the victim, his or her attorney, and any individual the victim may seek to qualify to furnish expert testimony.'.

## SEC. 7. CLERICAL AMENDMENTS.

(a) Expansion of Civil Remedies for Satisfaction of an Unpaid Fine. Section 3613(c) of title 18, United States Code, is amended by inserting 'an assessment imposed pursuant to section 2259A of this title,' after 'pursuant to the provisions of subchapter C of chapter 227 of this title,'.

(b) Clarification of Interstate or Foreign Commerce Provision Regarding Certain Activities Pertaining to Child Pornography. Section 2252A (a)(2) of title 18, United States Code, is amended-

(1) in subparagraph (A)-

(A) by striking 'using any means or facility of interstate or foreign commerce' and inserting 'has been'; and

(B) by inserting 'using any means or facility of interstate or foreign commerce or' after 'child pornography'; and

(2) in subparagraph (B)-

(A) by striking 'using any means or facility of interstate or foreign commerce' and inserting 'has been'; and

(B) by inserting 'using any means or facility of interstate or foreign commerce or' after 'child pornography'.

(c) Clarification of the Definition of 'Sexually Explicit Conduct'. Section 2256(2) of title 18, United States Code, is amended-

(1) in subparagraph (A)(v)-

(A) by inserting 'anus,' before 'genitals'; and

(B) by inserting a comma after 'genitals'; and

(2) in subparagraph (B)(iii)-

(A) by inserting 'anus,' before 'genitals'; and

(B) by inserting a comma after 'genitals'.

(d) Clarification of the Extent of the Offense of Coercion and Enticement of a Minor. Section 3559(e)(2)(A) of title 18, United States Code, is amended by striking 'into prostitution'.

## SEC. 8. REPORT ON IMPLEMENTATION.

Not later than 24 months after the date of enactment of this Act, the Attorney General shall submit to Congress a report on the progress of the Department of Justice in implementing the amendments made by sections 3 through 5.

Passed the Senate January 23, 2018.

Attest: JULIE E. ADAMS,

Secretary. #

2017 CONG US S 2152

---

**End of Document**  © 2018 Thomson Reuters. No claim to original U.S. Government Works.